IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| MICHAEL D. BATTLE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 120-038 |
| | ) | (Formerly CR 118-052) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner Michael D. Battle filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The motion raises two ineffective assistance of counsel claims, one of which asserts counsel failed to file an appeal after Petitioner instructed him to do so. Based on the evidence of record, the Court **REPORTS** and **RECOMMENDS** the § 2255 motion be **GRANTED** as to the request for an out-of-time appeal and **DISMISSED** without prejudice as to all other claims, the judgment in Petitioner's underlying criminal case be **VACATED**, an identical sentence be **RE-IMPOSED**, and this civil action be **CLOSED**.

**I.    BACKGROUND**

    **A.    Indictment**

On September 10, 2018, the grand jury in the Southern District of Georgia charged Petitioner and five co-defendants in a six-count indictment. United States v. Battle, CR 118-052, doc. no. 3 (S.D. Ga. May 31, 2019) (hereinafter "CR 118-052"). Along with naming

Petitioner in a forfeiture allegation, the grand jury charged Petitioner with: (1) conspiracy to possess unauthorized access devices (Count One); (2) conspiracy to commit money laundering (Count Two); (3) possession of unauthorized access devices (Count Three); and (4) money laundering (Counts Four, Five, and Six). Id. On October 18, 2018, Petitioner pled not guilty to all counts. CR 118-052, doc. no. 30. As originally charged, Petitioner faced a maximum term of imprisonment of five years on Count One and ten years on Count Three. Id., doc. no. 4. Counts Two, Four, Five and Six carried a maximum term of imprisonment of twenty years. Id. The Court appointed attorney David V. Weber to represent Petitioner. Id., doc. no. 16.

### B. Guilty Plea

On December 20, 2018, Petitioner appeared with counsel and pled guilty to one count of conspiracy to commit money laundering. Id., doc. no. 80-82. The written plea agreement identified the elements of the offense as: "(1) two or more people agreed to try to accomplish a common and unlawful plan to violate 18 U.S.C. Section 1956(a)(l)(B)(i) and (2) the Defendant knew about the plan's unlawful purpose and voluntarily joined in it." Id., doc. no. 82, ("Plea Agreement"), p. 1. In exchange for the guilty plea, the government agreed to dismiss the remaining counts of the indictment and not object to a recommendation for a two-point acceptance of responsibility reduction and move for an additional one-point reduction under the Sentencing Guidelines if Petitioner's offense level was sixteen or greater prior to the acceptance of responsibility reduction. Id. at 4-5. Further, the parties stipulated "that the amount of loss, for purposes of Section 2B1.1 of the Sentencing Guidelines, is more than $250,000 but less than $550,000." Id. at 5.

The Plea Agreement contained the following factual basis for Petitioner's guilty plea:

> Beginning in [sic] a date unknown but at least as early as January 12, 2017, and continuing up to and including the date of this indictment, in Southern, Middle and Northern Districts of Georgia, in the Northern and Southern Districts of Florida, and the Northern District of Ohio and elsewhere, the defendant,
>
> **MICHAEL D. BATTLE**
> **a/k/a "JEREMIAH"**
> **a/k/a "MIKE G. DOE"**
>
> did knowingly combine, conspire, and agree with other persons known and unknown to the Grand Jury, to commit offenses against the United States, to wit, to violate of Title 18, United States Code, Section 1956(a)(l)(B)(i).
>
> It was a part and object of the conspiracy that the defendants would knowingly conduct and attempt to conduct financial transactions affecting interstate commerce, which transactions involved the proceeds of specified unlawful activity, to wit, conspiracy to knowingly and with the intent to defraud, possess fifteen or more unauthorized devices in violation of 18 U.S.C. § 1029(b)(2), knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(l)(B)(i). All done in violation of Title 18, United States Code, Sections 1956(li).

Id. at 2. With his signature on the Plea Agreement, Petitioner "stipulate[d] that the factual basis set out therein is true and accurate in every respect." Id. at 12.

By signing the Plea Agreement, Petitioner also "entirely waive[d] his right to a direct appeal of his conviction and sentence on any ground" unless the Court (1) sentenced him above the statutory maximum; (2) sentenced him above the advisory Sentencing Guidelines range; or (3) the government appealed the sentence. Id. at 8. Absent one of those three conditions, "[Petitioner] explicitly and irrevocably instruct[ed] his attorney not to file an appeal." Id. Further, Petitioner waived his right to collaterally attack his conviction and sentence on any ground other than ineffective assistance of counsel. Id. By signing the Plea

3

Agreement, Petitioner additionally attested Mr. Weber had "represented him faithfully, skillfully, and diligently, and [Petitioner] is completely satisfied with the legal advice given and the work performed by his attorney." Id. at 10.

At the change of plea hearing, Chief United States District Judge J. Randal Hall first confirmed no one had threatened or pressured Petitioner into pleading guilty and that he clearly understood where he was and why he was in court. See CR 118-052, Rule 11 Hr'g (Dec. 20, 2018), Court's recording system, *For the Record* ("FTR"), 2:32:45–2:32:51; 2:34:51-2:34:53. Judge Hall reviewed the charges against Petitioner in the indictment, with a particular focus on the felon in possession charge to which the guilty plea applied. FTR, 2:34:39-2:37:40; 2:50:15-2:50:55. Petitioner confirmed he had as much time as he needed to review the charges with Mr. Weber. FTR, 2:37:50-2:37:57. Petitioner also testified under oath he was satisfied with the assistance he had received from Mr. Weber and that he had read and reviewed the Plea Agreement with counsel before signing it. FTR, 2:39:02-2:39:08; 2:42:13-2:42:20.

Judge Hall also explained the rights Petitioner would be waiving by pleading guilty, and Petitioner affirmed he clearly understood those rights. FTR, 2:39:21-2:41:57. Among the rights explained, Judge Hall reviewed the right to trial by jury, the presumption of innocence, the government's burden to prove guilt beyond a reasonable doubt, the right to present and cross-examine witnesses, and the right to remain silent. FTR, 2:39:21-2:41:17. Judge Hall also specifically reviewed the appeal and collateral attack waiver provisions of the Plea Agreement. FTR, 2:43:33-2:44:15. Judge Hall confirmed that other than the Plea Agreement, no one on behalf of the government had promised anything to procure the guilty plea. FTR, 2:44:24: 2:44:33.

Judge Hall reviewed the statutory penalty of a sentence up to twenty years in prison. FTR, 2:44:44-2:44:50. When asked, Petitioner confirmed that he understood the possible imprisonment penalty, as well as the potential $500,000 fine or twice the value of the property involved in the transaction, whichever is greater, and up to five years of supervised release after completion of the term of imprisonment. FTR, 2:44:51-2:45:07. Judge Hall also explained that upon Petitioner's conviction, he would lose the right to vote, hold public office, serve on a jury, and own or possess firearms or ammunition. FTR, 2:47:00-2:47:08. Judge Hall further explained that upon entry of the guilty plea, he would order the preparation of a Presentence Investigation Report ("PSI"), and Petitioner's sentence would be based on the information in the PSI. FTR, 2:47:15-2:48:15. Judge Hall specifically explained the PSI would calculate an advisory Sentencing Guidelines range, but he could sentence Petitioner within the range, below the range, or above the range. FTR, 2:49:01-2:49:40. Petitioner stated he understood the sentencing process described by Judge Hall and that no one had promised him he would receive a particular sentence. FTR, 2:49:46-2:50:03.

Next, Judge Hall heard the factual basis for Petitioner's guilty plea from Robert Stewart, Special Agent with the Federal Bureau of Investigations. FTR, 2:51:21-2:59:42. SA Stewart testified that between January 2017 and July 2017, Petitioner and his co-defendants committed fraud at thirteen Walmart stores in Florida, Alabama, Georgia, and Ohio by loading more than six-hundred prepaid debit cards without payment, resulting in a loss of more than $300,000. FTR, 2:52:26-2:52:42; 2:52:50-2:52:55; 2:56:08-2:56:11. Petitioner recruited cashiers with promises of monetary compensation. FTR, 2:52:57-2:53:11; 2:54:56-2:54:59. Petitioner informed cashiers he could erase the transactions from Walmart's computer system by utilization of an application on his cellular telephone. FTR,

5

2:53:21-2:53:28.  Petitioner arrived at Walmart at a prearranged date and time, and the recruited cashier loaded the prepaid debit cards in the amount of $500 each, ensuring the total transaction was less than $5,000.  FTR, 2:53:29-2:53:44.  The loaded debit cards were converted into money orders at other stores such as Walgreens and Kroger.  FTR, 2:53:52-2:54:14.  Petitioner also utilized some of the stolen funds to purchase airline tickets and make purchases through Amazon.com and Nike.com.  FTR, 2:58:36-2:58:46.

Petitioner stated to Judge Hall the information provided by SA Stewart and contained in Count Two of the indictment was true and he was guilty of, and wanted to plead guilty to, the money laundering conspiracy charge.  FTR, 3:00:15- 3:00:33.

Judge Hall then summarized the proceedings as follows:

> With the plea signed and entered into the record of this hearing, the Court now finds that Mr. Battle is competent. He fully understands the charge against him. There is an independent factual basis for his plea of guilty containing each of the essential elements of the offense. He knows the statutory punishment that could be imposed on the charge and he knows his jury rights which he has knowingly and voluntarily waived. I further find that Mr. Battles' decision to plead guilty today was voluntary, knowing, and not as a result of any force, pressure, threats or promises other than the promises made by the Government in the Plea Agreement. Therefore, the plea is accepted, and Mr. Battle is now adjudged guilty of count two of the Indictment based upon that plea.

FTR, 3:01:35-3:02:06.

### C. Sentencing

The PSI set Petitioner's Total Offense Level at nineteen, Criminal History Category at V, and Guidelines imprisonment range at 77 to 96 months.  PSI ¶¶ 19, 40, 66.  The base offense level of nineteen was increased by two and four points, respectively, because Petitioner was convicted under 18 U.S.C. § 1956 and was an an organizer, leader, manager, or supervisor in criminal activity, pursuant to U.S.S.G. § 3B1.1(c).  PSI ¶¶ 20, 22.  The

adjusted offense level was reduced three points for Petitioner's acceptance of responsibility. PSI ¶¶ 26-27.

At sentencing, Judge Hall overruled Petitioner's two objections to the one-point enhancement in Paragraphs 35 and 36. PSI ¶¶ 35-36; PSI Add.; CR 118-052, Sentencing Hr'g (May 5, 2019), Court's recording system, *For the Record* ("FTR"), 2:09:25-2:12:37. Judge Hall adopted the factual statements of the PSI and application of the advisory Guidelines as his own findings of fact. FTR, 2:15:03-2:15:25. Mr. Weber requested Judge Hall consider a downward departure from the Guidelines range. FTR, 2:17:00-2:19:03. Petitioner's family members made statements requesting leniency. FTR, 2:19:30-2:26:29. Petitioner apologized for his actions and requested leniency. FTR, 2:27:38-2:29:22. Judge Hall imposed a sentence of imprisonment of ninety-two months, three years of supervised release, restitution in the amount of $201,555.19, and a $100 special assessment. CR 118-052, doc. no. 139. Counts One, Three, Four, Five, and Six were dismissed, and judgment was entered on May 31, 2019. Id. Petitioner did not file an appeal.

### D.   § 2255 Proceedings

Petitioner filed the instant § 2255 motion, raising two ineffective assistance of counsel claims:

> (1) Counsel failed to file an appeal after Petitioner instructed him to do so; and
>
> (2) Counsel failed to object to the PSI and adequately investigate Petitioner's convictions used to calculate his criminal history category.

(Doc. nos. 1, 2.)

The Court directed Respondent to file its response to Petitioner's § 2255 motion. (Doc. no. 3.)  On May 6, 2020, Respondent conceded Petitioner is entitled to an out-of-time appeal because Mr. Weber failed to consult with Petitioner about the possibility of an appeal after sentencing.  (Doc. no. 4, p. 6.)

## II.     DISCUSSION

All defense counsel have a general duty to consult about an appeal, including informing a client about the right to appeal, advising the client about the advantages and disadvantages of taking an appeal, and making a reasonable effort to determine whether the client wishes to pursue an appeal.  Thompson v. United States, 504 F.3d 1203, 1206 (11th Cir. 2007).  Despite this general duty, the Supreme Court has specifically declined to adopt "a bright-line rule that counsel must always consult with the defendant regarding an appeal." Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000).  That Mr. Weber may not have seen any viable appellate issues does not vitiate the duty to explain the appellate process, describe the advantages and disadvantages of filing an appeal, and explain his obligation to file an appeal if Petitioner so desired.  Thompson, 504 F.3d at 1207.  Nor does the fact Petitioner signed a plea agreement with an appeal waiver mean Mr. Weber was automatically relieved of his obligation to consult with Petitioner.  See Gomez-Diaz v. United States, 433 F.3d 788, 793 (11th Cir. 2005) (ruling that if counsel failed to fulfill duty to determine client's wishes about appealing, prejudice is presumed and entitles petitioner to an out-of-time appeal, regardless of whether there are meritorious issues fitting exceptions to appeal waiver).  While the government would certainly be free to raise the waiver provision in the plea agreement if an appeal were filed, Petitioner would also be free to argue why he believes the waiver is invalid or inapplicable.

When a court determines an out-of-time appeal is the proper remedy in a § 2255 proceeding, the remedy should be effected in the following way:

> (1) the criminal judgment from which the out-of-time appeal is to be permitted should be vacated; (2) the same sentence should then be reimposed; (3) upon reimposition of that sentence, the defendant should be advised of all the rights associated with an appeal from any criminal sentence; and (4) the defendant should also be advised that the time for filing a notice of appeal from that re-imposed sentence is [fourteen] days, which is dictated by Rule 4(b)(l)(A)(i).

United States v. Phillips, 225 F.3d 1198, 1201 (11th Cir. 2000). The Court recommends these procedures to re-institute Petitioner's right to appeal. Unless Petitioner elects to retain his own counsel for the appeal and notifies the Court of that choice by July 9, 2020, the Court recommends appointment of appellate counsel prior to reimposing sentence. After reimposition of Petitioner's sentence, Petitioner will have fourteen days in which to file a notice of appeal.

In light of the recommendation Petitioner be allowed to file an appeal, the Court declines to address Petitioner's remaining ineffective assistance of counsel claim and recommends the claim be dismissed without prejudice. See United States v. Wiles, 563 F. App'x 692, 695 (11th Cir. 2014) (directing petitioner to raise in properly filed § 2255 motion ineffective assistance claims not addressed by District Court granting relief on lost appeal claim).

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the § 2255 motion be **GRANTED** as to the request for an out-of-time appeal and **DISMISSED** without prejudice as to all other claims, the judgment in Petitioner's underlying criminal case

be **VACATED**, an identical sentence be **RE-IMPOSED**, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 22nd day of June, 2020, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

Case 1:18-cr-00052-JRH-BKE   Document 157   Filed 06/22/20   Page 10 of 10