**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 118-052 |
| | * | |
| MICHAEL D. BATTLE | * | |

# ORDER

On November 10, 2020, the Court received a letter from Defendant Michael D. Battle seeking "relief consistent but not limited to the Cares Act." (Doc. 175.) The Court construes the letter as one seeking a sentence reduction. Response from the Government is not necessary.

Section 12003(b)(2) of the CARES Act[1] permits the Bureau of Prisons ("BOP") to lengthen the maximum amount of time for which the BOP is authorized to place a prisoner in home confinement beyond the limits imposed by 18 U.S.C. § 3624(c)(2) if the Attorney General finds that emergency conditions will materially affect the functioning of the BOP. The Attorney General directed the BOP to "immediately maximize appropriate transfers to home confinement .

[1] The CARES Act refers to the Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, enacted on March 27, 2020.

. . where COVID-19 is materially affecting operations."[2] However, the statutory authority upon which the BOP is relying to implement the directives of the CARES Act is 18 U.S.C. § 3624(c)(2) and 34 U.S.C. § 60541; neither of these code sections vests the United States District Court with authority to order home confinement. Indeed, designation of an inmate's place of confinement is within the absolute discretion of the BOP. E.g., Jones v. Woods, 2019 WL 2754731, *4 (M.D. Ala. Jun. 4, 2019) (cited sources omitted); Brown v. Atkinson, 2010 WL 3659634, *4 (S.D. Fla. Jun. 11, 2010) ("A federal district court does not have the authority to order an inmate's placement in a particular facility or program." (cited sources omitted).) Accordingly, the CARES Act does not provide inmates with an avenue of relief through the court system.

Instead, the only means by which a district court may modify an imposed sentence is through 18 U.S.C. § 3582(c). Assuming that Defendant is seeking relief under the compassionate release provision of that statute (as so many other inmates have done during the COVID-19 pandemic), such motion must be dismissed for

---

[2] Memorandum from the Attorney General to the Director of Bureau of Prisons, dated Apr. 3, 2020, *available at* https://www.justice.gov/file/1266661/download (last visited Nov. 19, 2020). See also Memorandum from the Attorney General to the Director of Bureau of Prisons, dated Mar. 26, 2020, *available at* https://www.justice.gov/file/1262731/download (last visited Nov. 19, 2020) ("I am hereby directing you to prioritize the use of your various statutory authorities to grant home confinement for inmates seeking transfer in connection with the ongoing COVID-19 pandemic.").

failure to exhaust administrative remedies. That is to say, a defendant may move a federal district court for compassionate release under § 3582(c)(1)(A), but only "after he has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." In this case, Defendant presents no evidence nor even argument that he has exhausted his administrative remedies prior to seeking relief in the district court. For this reason, the Court must deny Defendant's motion for compassionate release to the extent he is seeking such relief.[3]

Upon due consideration of the letter motion, Defendant Michael D. Battle has not established grounds for relief. Accordingly, his motion to reduce sentence (doc. 175) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 20th day of November, 2020.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

[3] The other provisions of 18 U.S.C. § 3582(c) do not readily appear to apply to Defendant.